UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BORTON & SONS, INC.,

    Complainant,

v.

AGRI-FRESH PROCUREMENT SERVICES, INC.,

    Respondent.

No. CV 04-1178P

ORDER GRANTING COMPLAINANT'S MOTION FOR ORDER OF JUDGMENT GRANTING COMPLAINANT'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Borton & Son's Motion for an Order of Judgment (Dkt. No. 45). Having considered all relevant papers and pleadings, the Court GRANTS Plaintiff's Motion.

This case is an appeal from an administrative proceeding before the Secretary of Agriculture, under the Perishable Agricultural Commodities Act ("PACA"). 7 U.S.C. §499a, *et seq.* In the administrative proceeding, Borton & Sons was awarded $31,649.60 in reparation, plus interest and sums for handling fees, costs, and expenses. (Dkt. No. 1) Agri-Fresh moved for reconsideration and was denied. (Id.). Agri-Fresh then appealed the award to this Court. This Court entered summary judgment in Borton & Sons' favor, finding that the letter of credit that Agri-Fresh submitted to this Court, in lieu of the statutorily mandated bond, was insufficient to meet the jurisdictional prerequisites for appeal to this Court. (Dkt. No. 41). Following the grant of summary judgment, the Court issued a judgment in favor of Borton & Sons. While the Order reiterated the Court's grant of

ORDER - 1

summary judgment, it failed to mention any award of fees to either party. Borton & Sons now applies to this Court for an Order of Judgment granting it the reparation award and fees awarded by the Secretary of Agriculture, as well as attorney's fees for the litigation before this Court. Agri-Fresh opposes Complainant's Motion, stating that because its letter of credit was insufficient to give this Court jurisdiction to hear its appeal, this Court likewise now lacks jurisdiction to grant attorney's fees.

Under PACA, an award of attorney's fees to a prevailing appellee is mandatory. Robinson Farms Co., v. D'Acquisito, 962 F. 2d 680, 684 (7th Cir. 1992), 7 U.S.C. §499g. Here, however, Agri-Fresh argues that its appeal was never perfected and, for that reason, this Court does not now have jurisdiction to award attorney's fees because it never had jurisdiction over the case. Although the technical logic of Agri-Fresh's argument is enticing, it ignores Congress' objectives in awarding "reasonable attorney's fees" to prevailing parties on appeal under PACA. 7 U.S.C. §499g.

Congress recognized that the reparations in PACA cases are often small. To prevent the award from being diminished on appeal to the District Court, Congress provided for attorney's fees to the appellee who could successfully defend its administrative award. Tray-Wrap, Inc. v. Homestead Tomato Packing, Co., 933 F. 2d 1130, 1131 (2nd Cir. 1991). The Court in Tray-Wrap noted that without the protection of attorney's fees on appeal, the judgment creditor would be vulnerable to the party owing the reparation, who could try to extract a favorable settlement for less than the amount of the reparation by threatening to file a costly appeal. Id. Although the Court in Tray-Wrap was considering whether or not the statute supported an award of attorney's fees at the Circuit level, the logic is the same at the District Court level. Without an award of attorney's fees to a prevailing appellee, any party against whom the Secretary of Agriculture has entered a reparation order could use the threat of appeal as leverage to bargain for a more favorable settlement from the judgment creditor. This is because the creditor would realize that even defending a completely frivolous appeal would be likely to significantly diminish the reparation award.

ORDER - 2

In the case at hand, this Court found that Agri-Fresh failed to secure its appeal with an appropriate bond. Nonetheless, the filing of this ineffective appeal still caused Borton & Sons to spend significant amounts of money defending its reparation award. To now deny Borton & Sons the statutorily mandated attorney's fees available under 7 U.S.C. §499g because of Agri-Fresh's faulty appeal would be unjust.

The District Court for the Southern District of New York reached the same result in a similar case involving an appeal from what the District Court interpreted to be the Secretary of Agriculture's final reparation order. G.&T. Terminal Packaging Co., Inc. v. Hawman, 870 F. 2d 77 (2nd Cir. 1989). In Hawman, the Secretary of Agriculture entered an order of reparation in favor of Hawman on September 11, 1987. On September 22, 1987, the Secretary amended the order. Id. at 78. The District Court determined that the earlier order was the final order and that the appeal filed by G.T. on October 22, 1987 was ineffective because it was untimely. Id. at 79. Although the court dismissed the case for lack of subject matter jurisdiction, it awarded Hawman costs and attorneys' fees for the successful defense of his appeal. Id. The Second Circuit ultimately found that the Secretary's amended order was the final order and that the appeal was, therefore, timely. The Circuit remanded the case back to the District Court to assess the merits of the appeal. Id. at 80-81. Although the District Court's decision in Hawman was ultimately reversed, this case demonstrates the appropriateness of an award of attorney's fees on appeal, even when the appeal is ultimately dismissed for lack of subject matter jurisdiction, as in the case at hand.

Accordingly, the Court having examined the pleadings, files, and records herein, considered the evidence presented and being fully advised of the premises, now FINDS, CONCLUDES, and ORDERS:

1. Respondent failed to file a timely and appropriate bond to secure its appeal;
2. Respondent's appeal must be dismissed because Respondent failed to file an appropriate bond and such bond is a prerequisite to an appeal;

ORDER - 3

3. That the Secretary of Agriculture's Reparation Award of $31,649.60 is hereby affirmed and judgment in the principle sum of $31,649.60 plus interest thereon from October 1, 1999 to October 29, 2003 at 10% for $12,911.30 and from October 29, 2003 to date at 10% be and is hereby awarded to the Complainant;

4. That Complainant be and is hereby awarded its reasonable attorney's fees in the sum of $14,668.30;

5. That Complainant be and is hereby awarded its statutory costs of $300.00;

6. That interest shall accrue on the total amount of Complainant's award at the rate of 10% APR from the date of this Order until payment;

7. That Complainant's Motion for Summary Judgment is hereby granted and Respondent's appeal is DISMISSED with prejudice.

The Clerk of the Court shall direct a copy of this order be sent to all counsel of record.

Dated: May 26, 2005.

/s/ Marsha J. Pechman_____
Marsha J. Pechman
United States District Judge

ORDER - 4